AO 245B
(Rev. 6/11/2011- NYED) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| MARLON ERROL HARIRAM | Case Number: 12-CR-441 |
| | USM Number: 80447-053 |
| | Len H. Kamdang, Esq. |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1, 2, and 3 of indictment

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| see page 2 | | | |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/16/2013
Date of Imposition of Judgment

S/ Dora L. Irizarry

Signature of Judge

Dora L. Irizarry                    U.S. District Judge
Name of Judge                      Title of Judge

April 19, 2013
Date

AO 245B    (Rev. 6/11/2011- NYED) Judgment in a Criminal Case
Sheet 1A

DEFENDANT:  MARLON ERROL HARIRAM
CASE NUMBER:  12-CR-441

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 16 U.S.C. §§ 3372(A)(2)(A) and 3373(d)(1) | Unlawful importation of birds, a Class D felony | 5/20/2012 | 1 |
| 18 U.S.C. § 545 | Smuggling goods into the United States, a Class C felony | 5/20/2012 | 2 |
| 18 U.S.C. § 1001(a)(2) | False statements, a Class D felony | 5/20/2012 | 3 |

AO 245B    (Rev. 6/11/2011 - NYED) Judgment in a Criminal Case
          Sheet 2 — Imprisonment

DEFENDANT:  MARLON ERROL HARIRAM                        Judgment — Page __3__ of __8__
CASE NUMBER:  12-CR-441

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Counts 1, 2, and 3:  Six (6) months custody on each count to run concurrently.


☑  The court makes the following recommendations to the Bureau of Prisons:

Designation to a facility in or near New Jersey


☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

  ☐  at  _____  ☐ a.m.  ☐ p.m.  on  _____ .

  ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐  before 2 p.m. on  _____ .

  ☐  as notified by the United States Marshal.

  ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on  _____  to  _____

a _____ , with a certified copy of this judgment.


                                    _____
                                         UNITED STATES MARSHAL

                          By  _____
                                    DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 6/11/2011- NYED) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT:  MARLON ERROL HARIRAM
CASE NUMBER:  12-CR-441

Judgment—Page __4__ of __8__

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Counts 1, 2, and 3:  Two (2) years on each count to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

☑  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

☐  The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*

☐  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*

☐  The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within forty eight hours after such change;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer anycontrolled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of afelony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminalrecord or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 6/11/2011- NYED) Judgment in a Criminal Case
            Sheet 3A — Supervised Release

DEFENDANT:  MARLON ERROL HARIRAM

CASE NUMBER:  12-CR-441

Judgment—Page    5    of    8

## ADDITIONAL SUPERVISED RELEASE TERMS

The Probation Department shall submit a status report to the Court every four (4) months during supervision and shall notify the Court of any violation immediately.

AO 245B    (Rev. 6/5/2011 - NY-ED) Judgment in a Criminal Case
          Sheet 3C — Supervised Release

DEFENDANT: MARLON ERROL HARIRAM                         Judgment—Page  6  of  8
CASE NUMBER: 12-CR-441

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall comply with the fine payment schedule;

2. The defendant shall comply with the forfeiture order;

3. The defendant shall make full financial disclosure to the Probation Department;

4. The defendant shall maintain full-time verifiable employment and/or shall participate in an education or vocational training program as approved by the U.S. Probation Department;

5. The defendant shall participate in a high school equivalency program and obtain a General Equivalency Development diploma as approved by the U.S. Probation Department;

6. If the defendant is neither employed nor engaged in educational or vocational training, he shall perform 20 hours of community service per week in a manner and at a rate approved by the U.S. Probation Department. The defendant will cooperate in allowing the Probation Department to confirm the community service is completed;

7. The defendant shall not possess a firearm, ammunition, or destructive device;

8. The defendant shall submit his or her person, residence, place of business, vehicle or any other premises under his or her control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted in a reasonable manner and at a reasonable time. The defendant's failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

DEFENDANT:  MARLON ERROL HARIRAM
CASE NUMBER:  12-CR-441

Judgment — Page ___7___ of ___8___

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 300.00 | $ 2,000.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____.  An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| **TOTALS** | $          0.00 | $          0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☑ the interest requirement is waived for the    ☑ fine   ☐ restitution.

   ☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Sheet 6 — Schedule of Payments

DEFENDANT: MARLON ERROL HARIRAM
CASE NUMBER: 12-CR-441

Judgment — Page   **8**   of   **8**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $   300.00   due immediately, balance due

    ☐  not later than  _____ , or
    ☑  in accordance    ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,   ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

    The fine shall be paid to the Clerk of Court for the Eastern District of New York, at a rate of $25 per quarter while in
    custody and 10% of gross income per month while on supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:

    See attached order.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

SLR:LDM:CSK
F#: 2012R00924

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,                    FINAL ORDER OF FORFEITURE

        -against-
                                             CR-12-441 (DLI)
MARLON ERROL HARIRAM,

            Defendant.

- - - - - - - - - - - - - - - - - X

        WHEREAS, on or about October 19, 2012, the defendant,
MARLON ERROL HARIRAM, entered a plea of guilty to Counts One
through Three of the above-captioned Indictment charging violations
of 16 U.S.C. § 3372(a)(2)(A) and 3373(d)(1), 18 U.S.C. § 545 and
1001(a)(2); and

        WHEREAS, the defendant consented to the forfeiture of all
his right, title and interest in nine finches (the "Forfeited
Property") seized from the defendant on or about May 20, 2012,
pursuant to (a) 16 U.S.C. § 3374(a), which requires any person
convicted of such offense to forfeit all wildlife imported,
exported, transported, sold received, acquired, or purchased in
violation of such offense; and (b) pursuant to 18 U.S.C. §§ 545 and
982(a)(2)(B), as merchandise introduced into the United States in
violation of section 545, or the value thereof, and/or as property
constituting or derived from proceeds obtained directly or
indirectly as a result of such offense, as well as all substitute
assets, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p);

2

WHEREAS, on or about November 20, 2012, this Court entered a Preliminary Order of Forfeiture pursuant to 16 U.S.C. § 3374(a), 18 U.S.C. §§ 545 and 982(a)(2)(B) and (b), and 21 U.S.C. § 853(p), requiring the defendant to forfeit all his right, title and interest in the Forfeited Property;

WHEREAS, since entry of the Preliminary Order of Forfeiture the government learned that between September 4, 2012 to September 28, 2012, seven (7) (the "Deceased Finches") of the original nine (9) finches died. The cause of death to the Deceased Finches is unknown. The Deceased Finches remain frozen and maintained for evidence in a secured evidence room with the United States Department of Interior, Fish & Wildlife Services ("FWS");

WHEREAS, legal notice of forfeiture was published in this district on the official government website, www.forfeiture.gov, for at least thirty (30) consecutive days beginning on December 17, 2012 and ending on January 15, 2013; and

WHEREAS, no third-party has filed with the Court any petition or claim in connection with the Forfeited Property, and the time to do so under 21 U.S.C. § 853(n)(2) has expired;

*United States v. Marlon Errol Hariarm*, CR-12-0441, Final Order of Forfeiture

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent as follows:

1.    Pursuant to Fed. R. Crim. P. 32.2(c)(2), the Preliminary Order of Forfeiture previously entered by this Court is hereby made a Final Order of Forfeiture.

2.    All right, title and interest in the Forfeited Property is hereby forfeited to the United States pursuant to 16 U.S.C. § 3374(a), 18 U.S.C. §§ 545 and 982(a)(2)(B) and (b), and 21 U.S.C. § 853(p).

3.    The United States Marshals Service and/or the FWS and its duly authorized agents and contractors are hereby directed to dispose of the Forfeited Property in accordance with all applicable laws and rules.

4.    The FWS and its duly authorized agents and contractors are hereby directed to destroy the Deceased Finches in accordance with all applicable laws and rules.

5.    The United States District Court for the Eastern District of New York shall retain jurisdiction in this case for the purpose of enforcing this Order.

6.    Pursuant to Fed. R. Crim. P. 32.2 (b)(4) and (c), this Final Order shall become final as to the defendant at the time of sentencing and shall be made part of the defendant's sentence and included in the judgment of conviction.

*United States v. Marlon Errol Hariarm*, CR-12-0441, *Final Order of Forfeiture*

4

7.     The Clerk of the Court is directed to send, by inter-office mail, four certified copies of this Final Order to the United States Attorney's Office, Eastern District of New York, ATTN: Maritza Arroyo, FSA Paralegal, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York          SO ORDERED:
       April 15 , 2013              S/ Dora L. Irizarry

                                    _____
                                    HONORABLE DORA L. IRIZARRY
                                    UNITED STATES DISTRICT JUDGE
                                    EASTERN DISTRICT OF NEW YORK

_United States v. Marlon Errol Hariarm_, CR-12-0441, _Final Order of Forfeiture_